**Affirmed as modified; Opinion Filed June 17, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01066-CR

**SHARON HENNINGTON TAYLOR, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-20861-P**

# MEMORANDUM OPINION
Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Carlyle

A jury convicted appellant Sharon Hennington Taylor of manslaughter and assessed punishment at three years' imprisonment. In a single issue on appeal, appellant contends the trial court erred by refusing to grant a mistrial after the State introduced "false testimony of an extraneous offense." The State asserts in a cross-issue that this Court should modify the trial court's judgment to reflect the correct "Statute for Offense." We affirm the trial court's judgment as modified in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## I. Background

Appellant was charged by indictment with murdering her husband, Don Taylor. An agreed pretrial motion in limine precluded the State from mentioning to the jury several "extraneous"

matters, including "[h]eroin overdose of [appellant's] previous husband or death of previous husband."

At trial, the State published to the jury a video recording of appellant's police interview shortly after Don's death. During the interview, appellant stated (1) she and Don had been arguing throughout the day; (2) after running errands, she returned home at about 6 p.m.; (3) as she sat on a sofa in the den watching a movie, Don yanked her up, dragged her to the foyer, threw her to the floor, straddled her, told her "I'm gonna kick your ass," and "tried" to hit her; (4) she broke free of him, went to the kitchen, took out a loaded handgun they kept in a kitchen cabinet, and returned to the foyer, where Don was standing; and (5) she told Don "you're not gonna hit me" and fired a single shot at him, which killed him. The jury found appellant guilty of the lesser included offense of manslaughter.

During the punishment phase of trial, Noreen Gaston testified for the defense. She stated she has known appellant for more than forty years and they are best friends. On cross-examination, Gaston stated appellant's first husband was Ronald Lane. Gaston testified,

> Q. And where is Mr. Lane today?
> A. He's deceased.
> Q. Do you know the circumstances of his death?
> A. Yes.
> . . . .
> Q. What happened to him?
> A. He was murdered.
> Q. He was murdered?
> A. Yes. I think—yes.
> . . . .
> Q. Do you know if anybody was ever prosecuted for his murder?
> A. I can't recall.

On re-direct examination of Gaston, defense counsel stated, "Noreen, the man that you said was murdered, do you think that he might have died of a heroin overdose, did you ever hear that?" Gaston replied, "It was drug related."

Outside the jury's presence, defense counsel moved for a "mistrial as to punishment" based on "prosecutorial misconduct." Defense counsel stated, "[W]e would show that the State improperly elicited a response from a witness as the cause of death of one of Sharon's prior husbands. There was no 404(b) notice and, in fact, . . . we believe the record shows that the State knew—knew or had a good faith knowledge or belief that the cause of death was an accidental heroin overdose." In response, the State asserted it had "no malicious intent" and any error was inadvertent and curable. The trial court stated it would review the transcript and make a ruling after a one-day holiday recess.

When the trial's punishment phase resumed two days later, defense counsel (1) introduced into evidence Lane's death certificate, which described his cause of death as "toxic effects of heroin," and (2) contended the State's purported misconduct "resulted in the due process violation of the defendant's right to a fair trial" because it "affected the minds of the jury." The trial court denied appellant's motion for mistrial.

The jury charge (1) allowed for a sentence of two to twenty years and the option to suspend appellant's sentence and place her on community supervision, and (2) instructed the jury, "[Y]ou will find as a matter of fact that Ronald Lane died of a heroin overdose and that it was an accidental death. You will further find that no foul play was ever suspected regarding the death of Ronald Lane." During closing, defense counsel stated that the instruction regarding Lane's cause of death was "the most important sentence in this jury charge."

## II. Denial of mistrial

"A mistrial is an appropriate remedy in 'extreme circumstances' for a narrow class of highly prejudicial and incurable errors." *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). Whether an error requires a mistrial is determined by the particular facts of the case. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). "A mistrial is required only when the improper

question is clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors." *Id*. We review a trial court's ruling on a motion for mistrial for an abuse of discretion, upholding the trial court's ruling if it was within the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010). "Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer." *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

To preserve a complaint at trial, the traditional and preferred procedure is to (1) make a timely, specific objection, (2) request an instruction to disregard if the prejudicial event has already occurred, and (3) move for a mistrial. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). A party may skip the first two steps and request a mistrial. *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013). But he will be entitled to a mistrial only if a timely objection would not have prevented, and an instruction to disregard would not have cured, the harm flowing from the error. *Id*.

Appellant contends "[a] new trial must be ordered to correct error by the trial court in failing to grant a mistrial where curative instruction was insufficient to cure the prosecution's improper introduction of false testimony." Appellant argues (1) "[t]he insinuation that Appellant had committed a previous murder is the type of suggestion that can never be fully eliminated from consideration"; (2) the prosecution "elicited the false testimony characterizing [Lane's] death as a murder and left that impression, which percolated in the jurors' minds over a two-day period, until the jury was instructed to disregard it," and (3) "[a]lthough the Appellant was eligible for probation, she received a three-year sentence."

The trial judge instructed the jury to find Lane's death was accidental and "no foul play was ever suspected." During closing, defense counsel emphasized that instruction's importance. We generally presume jurors followed the trial judge's instructions. *Coble*, 330 S.W.3d at 292 (citing *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009)). Nothing in the record suggests otherwise. *See Artecona v. State*, No. 05-09-01283-CR, 2011 WL 1288674, at *3 (Tex. App.—Dallas Apr. 6, 2011, pet. ref'd) (not designated for publication) (affirming denial of mistrial where nothing in record suggested jury would have reached different verdict absent witness's improper reference to extraneous offense). We conclude the trial court did not abuse its discretion by denying appellant's motion for mistrial. *See Coble*, 330 S.W.3d at 292; *Ocon*, 284 S.W.3d at 884; *see also Barney v. State*, 698 S.W.2d 114, 124–25 (Tex. Crim. App. 1985) (concluding witness's improper answer that violated defendant's motion in limine was cured by jury instruction).

### III. State's cross-issue

We have the authority to correct the judgment of the court below to make the record speak the truth when we have the necessary information to do so. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd); *see also* TEX. R. APP. P. 43.2(b). Although the record shows the jury convicted appellant of manslaughter, the trial court's judgment describes the "Statute for Offense" as "19.02 Penal Code," which pertains to murder. *See* TEX. PENAL CODE § 19.02. In its cross-issue, the State contends this Court should modify the trial court's written judgment to correctly reflect that the "Statute for Offense" is penal code section 19.04, which pertains to manslaughter. *See id*. § 19.04. We modify the trial court's judgment to state that the "Statute for Offense" is "19.04 Penal Code."

## IV. Conclusion

We decide against appellant on her issue and in favor of the State on its cross-issue. We (1) modify the trial court's judgment to state that the "Statute for Offense" is "19.04 Penal Code" and (2) affirm the trial court's judgment as modified.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

181066F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SHARON HENNINGTON TAYLOR,
Appellant

No. 05-18-01066-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F17-20861-P.
Opinion delivered by Justice Carlyle.
Justices Myers and Molberg participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to state that the "Statute for Offense" is "19.04 Penal Code."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 17th day of June, 2019.